**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MATTHEW ROBERT ELMORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 25-2246 (UNA) |
| ) | |
| KAREN JORDAN MCLEAN, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on review of plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The Court GRANTS the application and, for the reasons stated below, DISMISSES the complaint and this civil action without prejudice.

The Court has reviewed plaintiff's complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than are applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). The purpose of the minimum standard of Rule 8 is to give fair notice to the defendants of the claim being asserted such that they might prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff submits his complaint on a preprinted form. The "Statement of Claim" section is blank. *See* Compl. at 4. Aside from a demand for $7 million," *id*., Plaintiff appears to demand an additional $5 million because Defendant "made [him] go to a crazy doctor while staying with her," *id*. at 3. As drafted, this complaint falls far short of Rule 8(a)'s minimal pleading standard. Missing is a basis for this Court's jurisdiction. And the complaint's single factual allegation fails to put Defendant on notice of the claim(s) against her.

An Order consistent with this Memorandum Opinion is issued separately.

DATE: December 31, 2025

/s/
ANA C. REYES
United States District Judge